IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

v.

**JANNA GRIER (01),**

   **Defendant.**

Case No. 22-20001-01-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner Janna Grier's motion to modify her sentence under 18 U.S.C. § 3582(c)(1)(A). Doc. 24. Ms. Grier asserts that a combination of her health and family circumstances present an extraordinary and compelling reason for the court to "release [her] immediately to home confinement and a period of supervised release." *Id.* at 1. But, the court finds, none of Ms. Grier's arguments present an extraordinary or compelling reason for compassionate release. The court thus denies Ms. Grier's motion and explains this decision, below.

**I. Background**

On January 25, 2022, Ms. Grier entered a guilty plea (Doc. 9) to one count of conspiracy to receive bribes as a public official and provide prohibited objects to inmates of a federal prison, a class D Felony under 18 U.S.C. § 371. Doc. 18 at 1 (Presentence Investigation Report, "PSR"). On June 10, 2022, the court sentenced her to 24 months' imprisonment, 2 years' supervised release, and $100 special assessment. Doc. 22. Today, Ms. Grier is incarcerated at

---

[1] Because Ms. Grier proceeds pro se, the court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

Waseca FCI in Waseca, Minnesota.  *See* Janna Grier (Reg. No. 83162-509) (last visited Apr. 28, 2023), https://www.bop.gov/inmateloc/.  Her projected good time release date is a little more than seven months away.  *Id.*

Ms. Grier filed this Motion for Compassionate Release on December 27, 2022.  Doc. 24.  The government responded (Doc. 28) on February 10, 2023, and Ms. Grier replied (Doc. 30) on February 28, 2023.  Ms. Grier later filed a supplement to her motion on April 7, 2023.  Doc. 31.

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions.  One such exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted).  This exception permits district courts to modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements).  Our Circuit has held that this exhaustion requirement is a claim-processing rule that the government may waive or forfeit.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

Separate from this exhaustion requirement, the court applies a three-step substantive analysis to motions filed under § 3582(c)(1)(A).  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).  The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the

2

Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.* Relief may "be granted only if all three prerequisites are satisfied," and so, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021). The Tenth Circuit has held that it doesn't view the first step in § 3582(c)(1)(A)—"extraordinary and compelling" reasons—as jurisdictional. *See Hald*, 8 F.4th at 942 n.7 (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

Here, the court needn't address the second step of the analysis because the Sentencing Commission hasn't issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one. *Maumau*, 993 F.3d at 837. So, "until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

### III.  Analysis

*First*, the court considers whether Ms. Grier has exhausted her administrative remedies. To modify a sentence on "motion of the defendant[,]" the court may do so only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf[.]" 18 U.S.C. § 3582(c)(1)(A). It also may entertain such a motion from a defendant after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief." *Maumau*, 993 F.3d at 830 (emphasis added).

Here, the Bureau of Prisons didn't make the pertinent motion—the inmate did. *See generally* Doc. 24. That means Ms. Grier must demonstrate that she has exhausted all her administrative rights to appeal or that 30 days passed after she requested relief from the warden of her facility. Ms. Grier attached to her motion an email request she sent to Warden Segal for

3

compassionate release "for family circumstances[,]" contending that her "children are in need of a primary caregiver due to their father is no longer able to care for them." Doc. 24-1 at 1. Ms. Grier sent this email on November 23, 2022. *Id.* And the government states that the Bureau of Prisons "denied her request on or about December 7, 2022." Doc. 28 at 2.

But the government also asserts that Ms. Grier "failed to exhaust her administrative remedies as they pertain to any compassionate release based on the alleged risk she faces from COVID-19." Doc. 28 at 7. Ms. Grier agrees that she made her request to the warden based on her "need to be the primary care giver for [her] children[,]" and also argues that her "specific health risks complicate[ ] the matter[.]" Doc. 30 at 1. As demonstrated in Ms. Grier's email to the warden, however, she didn't mention COVID in her initial request for BOP intervention. Doc. 24-1 at 1. Thus, Ms. Grier has not fully exhausted her COVID-based health arguments.

Because exhaustion isn't jurisdictional, the government must raise the issue in its response if it wants the court to dismiss her health arguments based on failure to exhaust. *Hemmelgarn*, 15 F.4th at 1031. Here, the government introduced the argument in its opposition memorandum, Doc. 28 at 7, so the court needn't address the merits of Ms. Grier's health arguments and can dismiss them. But because Ms. Grier has fully exhausted her administrative remedies on her family circumstances argument, the court addresses the merits of those arguments.

*Next*, the court must determine whether Ms. Grier presents "extraordinary and compelling" reasons for compassionate release. Ms. Grier asserts that her "minor children have no one to care for them[,]" and that this "situation falls squarely within the text and meaning of . . . 18 U.S.C. 3142(g)." Doc. 24 at 1. The Federal Sentencing Guidelines specifically mention that "family circumstances" may present an extraordinary and compelling reason for

4

compassionate release. U.S. Sent'g Guidelines § 1B1.13 (U.S. Sent'g Comm'n 2018). Commentary to the Sentencing Guidelines defines family circumstances to include the "death or incapacitation of the caregiver of the defendant's minor child[.]" *Id.* § 1B1.13 cmt. 1.(C).[2] Ms. Grier's situation does not fall within this definition of family circumstances warranting compassionate release—she doesn't allege that her children's caregiver has died or become incapacitated. Ms. Grier asserts only that the children's father "is no longer acting as caregiver" and that her "children are with the [p]aternal [g]randmother and she is not able to continue long term for them." Doc. 24 at 1; Doc. 30 at 2. But except for this one generalized assertion, Ms. Grier fails to provide any details about these caregivers or their situations.

These circumstances, though undoubtedly unfortunate, suggest that Ms. Grier's family circumstances haven't changed in the manner contemplated by the Guidelines' definition of family circumstances. "Unfortunately, 'the care of minor children is a problem faced by many convicted defendants.'" *United States v. Vela-Salinas*, No. 3:11-cr-00083-19, 2022 WL 391490, at *5 (M.D. Tenn., Feb. 8, 2022) (quoting *United States v. Kibby*, No. 2:19-cr-179, 2021 WL 2009568, at *3 (S.D. Ohio May 20, 2021)). "[S]uch a problem, without more, is an ordinary, not extraordinary, circumstance." *Id.*; *see also United States v. Reed*, No. 2:15-CR-752 TS, 2022 WL 844435, at *2 (D. Utah Mar. 22, 2022) (acknowledging defendant's family circumstances involving struggling daughters were "undoubtedly difficult" but not extraordinary and compelling reasons because "familial hardship often results from criminal conduct"). And, even if Ms. Grier's circumstances fell within the definition's scope, she hasn't presented evidence

---

[2]  The Sentencing Commission's Guidelines and their commentary don't bind the court, but the court nonetheless finds this definition of family circumstances useful. *See United States v. Barrio*, No. 21-6103, 2022 WL 898764, at *4 (10th Cir. Mar. 28, 2022) (citing Sentencing Guidelines § 1B1.13 cmt. 1 and noting that these "policy statements guide, but do not confine, the court in its analysis of extraordinary and compelling circumstances warranting a sentence reduction").

showing that she is the only available caregiver for her children.  *See Vela-Salinas*, 2022 WL 391490, at *4 ("Courts routinely deny motions for compassionate release when the defendants cannot show that they would be the only available caregiver for a minor or child[.]" (quotation cleaned up)).  The court concludes that Ms. Grier has not met her burden at step one to demonstrate extraordinary and compelling reasons for her release.

*Finally*, even if Ms. Grier had presented extraordinary and compelling reasons for compassionate release, the court then would have to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  Those factors include:  (1) defendant's personal history and characteristics; (2) her sentence relative to the nature and seriousness of her offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.  *See* 18 U.S.C. § 3553(a).

Ms. Grier has no prior criminal history, and nothing about her background suggests violence or—absent her current conviction—lack of respect for the law.  But she displays some mental and emotional health issues that stem from a history of abuse.  Doc. 18 at 9–12 (Presentence Investigation Report ¶¶ 47–65).  These factors would favor compassionate release.  But her offense and sentence don't favor compassionate release.  Though Ms. Grier's offense was nonviolent, it was still dangerous—she smuggled contraband into a federal detention facility, including cell phones.  *Id.* at 5–6 (Presentence Investigation Report ¶¶ 9–16).  After she was released from her employment, she persisted in attempting to recruit other personnel to continue smuggling contraband.  *Id.* at 6–7 (Presentence Investigation Report ¶¶ 17–23).  The court determined that the guideline range for Ms. Grier's offense was 24 to 30 months and

6

sentenced her to the bottom of that range:  24 months.  Doc. 22 at 2; Doc. 23 at 1.  Reducing a 24-month sentence by more than half would no longer reflect the seriousness of the offense adequately.  Nor would it promote respect for the law.  Indeed, Ms. Grier's position as a public official when she broke the law increased the severity of her crime, *see* Doc. 18 at 9, and emphasizes the need that she understands the weight of these actions.  While Ms. Grier has accepted responsibility for her actions, *id.*, if the court were to reduce her sentence as she requests, it would create considerable disparity among similarly situated defendants since plaintiff was already sentenced to the lower end of the range.  The court already took these factors into account less than a year ago when it decided Ms. Grier's sentence.  *See* Docs. 18, 23. Nothing from the short intervening period since her sentencing hearing encourages the court to revisit Ms. Grier's current sentence.  In sum, the § 3553(a) factors don't favor Ms. Grier's early release.

### IV.   Conclusion

As explained above, the court denies Ms. Grier's motion for two independent reasons: (1) she does not present extraordinary and compelling reasons for compassionate release, and (2) the § 3553(a) factors do not favor compassionate release.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Grier's COVID-based arguments advocating for compassionate release based on health reasons are dismissed.

**IT IS FURTHER ORDERED BY THE COURT THAT** the remainder of Ms. Grier's Motion for Compassionate Release (Doc. 24) is denied.

**IT IS SO ORDERED.**

**Dated this 10th day of May, 2023, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**